COMMISSIONER OF REVENUE *vs.* BARNETT G. LONSTEIN & another.[1]

Suffolk. September 14, 1989. - November 15, 1989.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Taxation,* Income tax. *Constitutional Law,* Taxation.

The provisions of G. L. c. 62, § 2 (*b*) (1)-(2) and § 4, taxing interest from
savings deposits having a principal amount of $100,000 or more at a
rate of 10%, while taxing interest from savings deposits having a prin-
cipal amount of less than $100,000 at a rate of 5%, violated the man-
date of art. 44 of the Amendments to the Constitution of the Common-
wealth that income derived from the same class of property shall be
taxed at a uniform rate; consequently, taxpayers who had four savings
deposits, two with a principal amount of $100,000 or more, and two
with a principal amount of less than $100,000, were to have income
from their deposits taxed at a rate of 5%. [94-95]

APPEAL from a decision of the Appellate Tax Board.

The Supreme Judicial Court granted a request for direct
appellate review.

*Thomas A. Barnico,* Assistant Attorney General, for the
Commissioner of Revenue.

*Carl Emmett Baylis* for the taxpayers.

LIACOS, C.J. Massachusetts taxes interest from savings de-
posits having a principal amount of $100,000 or more at a
rate of 10%, while taxing interest from savings deposits hav-
ing a principal amount of less than $100,000 at a rate of 5%.
G. L. c. 62, § 2 (*b*) (1)-(2) and § 4 (1988 ed.).[2] The Appel-

---

[1]Ruth D. Lonstein.

[2]General Laws c. 62, § 2 (*b*), provides in relevant part: "Massachusetts
gross income shall be divided into two classes: (1) Part A gross income
shall be the total interest, dividends and capital gain net income included
in Massachusetts gross income, other than: (A) Interest and dividends
from savings deposits . . . having a principal amount of less than one hun-

late Tax Board (board) ruled that this distinction violates the mandate of art. 44 of the Amendments to the Constitution of the Commonwealth, that income derived from the same class of property shall be taxed at a uniform rate.[3] We affirm the decision of the board.

We summarize the board's findings of fact, which were based on statements of agreed facts filed by the parties.

The plaintiff taxpayers opened a twenty-four month term deposit account of $100,000 at the Leicester Savings Bank in Leicester in February, 1980. In August, 1981, they opened two thirty-month time deposit accounts of $55,853.97 each and a thirty-month time deposit account of $100,000 at the People's Savings Bank in Worcester. The taxpayers reported all interest earned on these accounts in 1982 and 1983 on their Massachusetts joint income tax returns for each year, listing the interest as taxable at the 5% rate.

In November, 1985, the Commissioner of Revenue (commissioner) notified the taxpayers of his intent to assess an additional tax on income earned in 1982 and 1983, basing his assessments on a determination that interest earned from the taxpayers' term and time deposits having a principal amount of $100,000 or more was income taxable at 10%. In December, 1985, the taxpayers paid in full the assessments for 1982 and 1983, filing applications for abatement of the additional tax. The commissioner denied the taxpayers' applications for abatement. The taxpayers appealed to the Appellate Tax

dred thousand dollars . . . . (2) Part B gross income shall be the remainder of the Massachusetts gross income."

General Laws c. 62, § 4, provides in relevant part: "(*a*) Part A taxable income shall be taxed at the rate of ten per cent. (*b*) Part B taxable income shall be taxed at the rate of five per cent."

[3]Article 44 of the Amendments to the Constitution of the Commonwealth, provides in relevant part: "Full power and authority are hereby given and granted to the general court to impose and levy a tax on income in the manner hereinafter provided. Such tax may be at different rates upon income derived from different classes of property, but shall be levied at a uniform rate throughout the commonwealth upon incomes derived from the same class of property."

Board, which held that the taxpayers were entitled to an abatement.

" 'In addressing a constitutional challenge to a tax measure, we begin with the premise that the tax is endowed with a presumption of validity and is not to be found void unless its invalidity is established beyond a rational doubt.' *Andover Sav. Bank* v. *Commissioner of Revenue*, 387 Mass. 229, 235 (1982). See *Daley* v. *State Tax Comm'n*, 376 Mass. 861, 865 (1978). We recognize that under art. 44 the Legislature has considerable discretion in designating different classes of property for the purpose of setting tax rates, *id.* at 865-866. That discretion is not unlimited, however. Article 44 requires uniformity of tax rates with respect to income derived 'from the *same kind* of property' (emphasis added). *Opinion of the Justices*, 266 Mass. 583, 586 (1929). Properties are of the same kind unless there are 'actual underlying differences' between them. *Daley* v. *State Tax Comm'n*, *supra* at 866, quoting *Barnes* v. *State Tax Comm'n*, 363 Mass. 589, 594 (1973)." *Salhanick* v. *Commissioner of Revenue*, 391 Mass. 658, 662 (1984).

The commissioner claims that there are sufficient underlying differences between a deposit of less than $100,000 and one of more than that amount for the Legislature's distinction to pass constitutional muster. We disagree.[4]

We do not think that a difference in the amount of deposit constitutes a "difference in kind" under art. 44. *Salhanick*, *supra.* Under G. L. c. 62, § 2 (*b*) and § 4, interest from a deposit in the amount of $99,999.99 would be taxed at a rate of 5%, but, with one penny added, it could be taxed at the rate of 10%. Such a scheme cannot be tolerated by art. 44. See *Salhanik*, *supra* (invalidating taxation of income from iron ore held for more than six months at a different rate

---

[4]We note that, contrary to the taxpayers' contentions, the board's decision regarding the presence of "actual underlying differences" is not an unreviewable factual finding. Rather, as our previous cases on this issue demonstrate, the question is one of law. See *Aronson* v. *Commonwealth*, 401 Mass. 244, 254 (1987); *Salhanick*, *supra* at 662; *Daley* v. *State Tax Comm'n*, *supra* at 865; *Barnes* v. *State Tax Comm'n*, *supra* at 594.

from that imposed on income from iron ore held for less than six months).

The commissioner argues that, because Massachusetts banking practice and State and Federal regulatory agencies treat term and time deposits of $100,000 or more differently from those of less than $100,000, the Legislature may tax these deposits at different rates. An examination of the Federal regulation of term and time deposits reveals that the figure of $100,000 was formerly not the prevailing dividing line.[5] We cannot permit the fluctuations of the marketplace repeatedly to modify the determination whether varying amounts of a deposit comprise the "same kind" of property. The constitutional dictates of art. 44 do not rest on such shifting grounds.

We affirm the decision of the Appellate Tax Board. All of the taxpayers' 1982 and 1983 income from their accounts at issue is to be treated as Part B income. All amounts which the commissioner collected in excess of the appropriate tax are to be refunded with interest from the date of application.

*So ordered.*

---

[5]At the time that the Legislature added the distinction in G. L. c. 62, § 2 (*b*), between deposits over and under $100,000 in 1974, the Federal insurance limit was only $40,000. See Pub. L. No. 93-495, 88 Stat. 1518 (1974). In addition, the Federal Reserve no longer utilizes $100,000 as the dividing line for establishing differing maximum allowable rates of interest. See 12 U.S.C. §§ 3501-3507; 12 C.F.R. § 217.7(a) (1973).