JOHN E. FILIOS & another[1] vs. COMMISSIONER OF
REVENUE.

Suffolk. May 3, 1993. - July 13, 1993.

Present: LIACOS, C.J., ABRAMS, NOLAN, & LYNCH, JJ.

*Taxation*, Income tax. *Constitutional Law*, Income tax. *Retirement*.

Discussion of 4 U.S.C. § 111 (1988), which preserves Federal employees'
   immunity from discriminatory State taxation. [807-809]
Evidence before the Appellate Tax Board did not support a claim that the
   Commonwealth taxes Federal retirees' military pensions in a discrimi-
   natory manner in violation of 4 U.S.C. § 111 (1988), where the Fed-
   eral military retirement system was a noncontributory system and
   where the distinction between contributory and noncontributory pension
   schemes for purposes of State income taxation of distributions is a "sig-
   nificant difference" that warrants different tax treatment of the two
   classes of taxpayers by allowing exclusion from gross income of benefits
   received from any contributory retirement system, under G. L. c. 62,
   § 2 (*a*) (2) (E). [809-812]
Evidence before the Appellate Tax Board did not support a claim that the
   Commonwealth taxes Federal retirees' military pensions in a discrimi-
   natory manner in violation of art. 44 of the Amendments to the Massa-
   chusetts Constitution, where the Federal military retirement system
   was a noncontributory system and where the distinction between con-
   tributory and noncontributory retirement systems is an "actual underly-
   ing difference" that warrants different tax treatment of the two classes
   of taxpayers by allowing exclusion from gross income of benefits re-
   ceived from any contributory retirement system, under G. L. c. 62, § 2
   (*a*) (2) (E). [812]

APPEAL from a decision of the Appellate Tax Board.
   The Supreme Judicial Court granted a request for direct
appellate review.
   *Stephen S. Ostrach* for the taxpayers.

---

[1]Eleanor G. Filios.

*Douglas H. Wilkins*, Assistant Attorney General (*Thomas A. Barnico*, Assistant Attorney General, with him) for the Commissioner of Revenue.

ABRAMS, J. The plaintiff taxpayers appeal from a decision of the Appellate Tax Board (board) denying them an abatement of the State income tax paid on their military retirement compensation.[2] The taxpayers claim that the taxation is discriminatory, in violation of 4 U.S.C. § 111 (1988), and art. 44 of the Amendments to the Massachusetts Constitution. We granted their application for direct appellate review. We affirm the decision of the board.

1. *Violation of 4 U.S.C. § 111.* The board found that the taxpayers were "residents of the Commonwealth who received income from military retirement compensation from the United States, based on the details of their military service . . . . This compensation was included in the federal gross income of each appellant, and thus became part of each appellant's Massachusetts gross income. Each appellant paid the taxes due on the retirement compensation." The board also found that "[t]he military retirement system is a noncontributory system: military personnel do not have a separate, identified amount deducted periodically from their pay and deposited in a segregated retirement fund from which

---

[2]The notice of appeal stated that "the Appellants, John E. and Eleanor G. Filios, et al., hereby appeal." The body of the notice of appeal does not indicate to whom the "et al." refers. The commissioner challenged the adequacy of the notice of appeal as to Federal military retirees other than Filios and his wife. In *Cummings* v. *City Council of Gloucester*, 28 Mass. App. Ct. 345 (1990), the Appeals Court has interpreted Mass. R. A. P. 3 (c), as amended, 378 Mass. 927 (1979), consistently with the interpretation given the Federal analogue, Fed. R. A. P. 3 (c), in *Torres* v. *Oakland Scavenger Co.*, 487 U.S. 312 (1988). See also *Rollins Envtl. Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975) ("[T]he adjudged construction theretofore given to the Federal rules is to be given to our rules, absent compelling reasons to the contrary or significant differences in content"). In *Cummings*, the Appeals Court noted that the United States Supreme Court had ruled that "the term 'et al.' does not satisfy the specificity requirement of Fed. R. A. P. 3 (c), and, unless an appellant is actually named in the notice of appeal, jurisdiction over that party's appeal is lacking." *Cummings* v. *City Council of Gloucester, supra* at 347. The only appeal before us is that of John E. and Eleanor G. Filios.

retirement benefits are paid." The board determined that the allowance of an exemption for contributory pension plans did not discriminate against the Federal military retirees.

The taxpayers argue that the Commonwealth treats State and Federal retirement benefits inconsistently and thereby discriminates against them in violation of 4 U.S.C. § 111, which provides: "The United States consents to the taxation of pay or compensation for personal service as an officer or employee of the United States, a territory or possession or political subdivision thereof, the government of the District of Columbia, or an agency or instrumentality of one or more of the foregoing, by a duly constituted taxing authority having jurisdiction, if the taxation does not discriminate against the officer or employee because of the source of the pay or compensation." The United States Supreme Court declared that 4 U.S.C. § 111 is a statute "which preserves federal employees' immunity from discriminatory state taxation." *Davis* v. *Michigan Dep't of the Treasury*, 489 U.S. 803, 807 (1989).

In *Davis*, the United States Supreme Court discussed the congressional purpose in codifying the "nondiscrimination component of the constitutional immunity doctrine which has, from the time of *McCulloch* v. *Maryland*, [17 U.S. (4 Wheat.) 316, 436-437 (1819)], barred taxes that 'operat[e] so as to discriminate against the Government or those with whom it deals.'" *Davis* v. *Michigan Dep't of the Treasury*, *supra* at 812, quoting *United States* v. *Detroit*, 355 U.S. 466, 473 (1958). The Court determined that "the retention of immunity in § 111 is coextensive with the prohibition against discriminatory taxes embodied in the modern constitutional doctrine of intergovernmental tax immunity." *Davis* v. *Michigan Dep't of the Treasury*, *supra* at 813. The Court ruled that the "imposition of a heavier tax burden on [those who deal with one sovereign] than is imposed on [those who deal with the other] must be justified by significant differences between the two classes." *Id.* at 815-816, quoting *Phillips Chem. Co.* v. *Dumas Indep. Sch. Dist.*, 361 U.S. 376, 383 (1960). Therefore, in analyzing whether inconsistent tax

treatment violates § 111, we must determine whether there are "significant differences between the two classes" of taxpayers. See *Barker* v. *Kansas*, 112 S. Ct. 1619, 1622 (1992), quoting *Davis*, *supra* at 816.

Massachusetts defines gross income as "the federal gross income . . . [deducting] [i]ncome from any contributory annuity, pension, endowment or retirement fund of the United States government or the commonwealth or any political subdivision thereof, to which the employee has contributed." G. L. c. 62, § 2 (*a*) (2) (E) (1990 ed.).[3] Thus, the Massachusetts statute exempts from State taxation benefits received through a contributory retirement system. The commissioner states that the pension benefits of the Federal military retirees are taxable, not because the retirees were employed by the Federal government, but because these retirees did not contribute to their pensions.[4] This distinction, the commissioner claims, creates significant differences between the two classes of taxpayers such that differential treatment does not violate 4 U.S.C. § 111.[5] See *Davis* v. *Michigan Dep't of the Treasury*, *supra* at 815. We agree.

[3] General Laws c. 62, § 2 (*a*) (2) (E) (1990 ed.), provides: "Massachusetts gross income shall mean the [F]ederal gross income . . . with the following further modifications: The items to be deducted therefrom are: - Income from any contributory annuity, pension, endowment or retirement fund of the United States government or the commonwealth or any political subdivision thereof, to which the employee has contributed."

[4] In a technical information release (TIR), the commissioner declared that Federal employees who receive benefits from contributory pension plans are exempt from State tax. TIR 92-3 (Apr. 28, 1992).

[5] In *Barker* v. *Kansas*, 112 S. Ct. 1619, 1622-1623 (1992), the State offered six distinctions between military retirees and State and local government pensioners. One of these was that "the federal military retirement system is noncontributory and funded by annual appropriations from Congress," the argument made here. The Court wrote: "As we read the [Kansas Supreme] court, however, it did not rest its decision on this difference . . . . Moreover, we note that the State applies its income tax to other federal retirees who contributed to their benefits, such as members of the Central Intelligence Agency, Foreign Service, bankruptcy judges, and United States magistrates." *Id.* at 1626 n.5. Thus, the Court did not decide whether the fact a retirement system is contributory would be a significant difference sufficient to satisfy the *Davis* v. *Michigan Dep't of the Treasury* test. In any event, the Kansas State tax system apparently did

The term "contributory" is not defined in the statute. In a technical information release (TIR), the commissioner defined a contributory retirement plan as one "in which amounts contributed to the plan are includible in the Massachusetts gross income of the employee (or would be included in the Massachusetts gross income of the employee if the employee were a Massachusetts resident). Under a noncontributory plan, amounts contributed on behalf of an employee are not included in the gross income of the employee and are therefore not subject to tax at the time of contribution. Thus, taxing distributions from contributory plans can lead to double taxation, while taxing distributions from noncontributory plans will not." TIR 92-3 (Apr. 28, 1992). See Black's Law Dictionary 329 (6th ed. 1990) (A "contributory" pension plan is one "where employees, as well as employers, make payments to a pension fund").

Under G. L. c. 62, § 2 (*a*) (2) (E), the tax treatment of retirement benefits depends on the pension plan. As TIR 92-3 states, employees already have been taxed on the contributions they make to their pensions. Federal employees who contribute to their pensions are not taxed on the benefits received. See note 4, *supra.* There is no violation of 4 U.S.C. § 111.

The taxpayers argue that the distinction between contributory and noncontributory pensions systems is illusory. They assert that 90% of the State retirement benefits are noncontributory because they come from contributions made by the employees' governmental units. See G. L. c. 32, § 1 (1990 ed.). Therefore, they argue, the complete exemption from taxation of all of the retirement benefits of State and local employees undercuts the commissioner's reliance on that distinction.

The Legislature has chosen to exempt pensions to which an employee contributes and has not defined a contributory

not use the distinction between contributory and noncontributory retirement systems in determining whether certain pension benefits would be subject to taxation. See *Barker* v. *Kansas, supra* at 1621 n.1.

plan to include a minimum percentage contribution by the employee. See G. L. c. 62, § 2 (*a*) (2) (E). The fact that the State employee contributes only 10% is not sufficient to negate the differential tax treatment between the pension systems.

The taxpayers also note that the noncontributory pensions of certain State and municipal retirees are exempt from State income tax. When the Commonwealth first enacted the State income tax, it exempted the noncontributory pensions of Boston school teachers and all municipal police and fire personnel. See Spec. St. 1917, c. 327; St. 1917, c. 270. Then, in 1973, the Legislature again provided that the pensions received by employees of municipal fire and police departments who were employed before the establishment of the contributory retirement system and who did not choose to join the contributory retirement system, would be exempt. St. 1973, c. 876, § 1. The taxpayers claim that this exemption creates a violation of 4 U.S.C. § 111.

The board found that the "exemptions were enacted in 1917, the year after the imposition of the income tax. In order to be covered by a noncontributory plan whose exemption was confirmed by St. 1973, c. 876, § 1, an employee in the police or fire service of a city or town would have to have been in active service when the contributory system under Chapter 32 was established in 1936 or 1937 and elected not to join it. If any qualifying employees existed during the tax years at issue, it was the responsibility of the appellants to produce evidence of the fact. Because no such evidence was furnished to the board, no finding could be made by the board that the class established by St. 1917, c. 270, and confirmed by St. 1973, c. 876, had any members during the years at issue. Further, the board notes that the active life of a person in the police or fire service would be unlikely to have continued for fifty-five years from 1936, when the municipal retirement plans were made contributory, to 1991. If the class had any members during the years at issue, it is unlikely that they were numerous, or that they will survive long enough to require legislative action to remove their

more favorable treatment or give similar treatment to military retirees." We conclude that the distinction between contributory and noncontributory pensions systems was a valid one for the Legislature to make and for the board to follow.

The Commonwealth does not impose the tax based on the source of the income, see note 3, *supra*; it looks rather to whether the employee contributed to the plan. Contrary to the plaintiffs' argument, that distinction is not illusory. *Davis* does not require a different result. The evidence before the board does not support a claim that the Commonwealth is taxing Federal retirees in a discriminatory manner.

2. *Violation of art. 44.* Article 44 states in part: "Full power and authority are hereby given and granted to the general court to impose and levy a tax on income in the manner hereinafter provided. Such tax may be at different rates upon income derived from different classes of property, but shall be levied at a uniform rate throughout the commonwealth upon incomes derived from the same class of property." The taxpayers claim that taxing the retirement benefits of State and municipal retirees at a "0% rate" and taxing them at a different rate violates art. 44. We disagree.

"Properties are of the same kind unless there are 'actual underlying differences between them.'" *Commissioner of Revenue* v. *Lonstein*, 406 Mass. 92, 94 (1989), quoting *Salhanick* v. *Commissioner of Revenue*, 391 Mass. 658, 662 (1984). The commissioner satisfied the test for significant differences under *Davis* v. *Michigan Dep't of the Treasury*, *supra*. We hold that the distinction between a contributory retirement system and a noncontributory retirement system is an actual underlying distinction, sufficient to meet the test of *Lonstein*.

The construction advocated by the plaintiffs would favor Federal retirees over State retirees. The legislative distinction between contributory and noncontributory pensions is fair to

all retirees. The decision of the Appellate Tax Board is affirmed.[6]

*So ordered.*

---

[6]On Friday, June 18, 1993, the United States Supreme Court issued its opinion in *Harper* v. *Virginia Dep't of Taxation*, 113 S. Ct. 2510 (1993). That case is inapplicable because its sole issue was that of the retroactivity of the rule announced in *Davis* v. *Michigan Dep't of the Treasury*, *supra*.