LELAND COOPER & others[1] *vs.* COMMISSIONER OF
REVENUE.

Suffolk. September 13, 1995. - December 26, 1995.

Present: LIACOS, C.J., ABRAMS, LYNCH, & O'CONNOR, JJ.

*Taxation*, Income tax, Abatement. *Constitutional Law*, Income tax. *Retirement*.

Where Massachusetts tax law distinguishes between contributory and non-contributory retirement plans, taxing as income distributions of benefits from the latter but exempting the former, and treats retirement benefits paid by the Commonwealth and by the Federal government in the same manner for tax purposes, neither G. L. c. 62, § 2 (*a*) (2) (E), nor St. 1973, c. 876, violates 4 U.S.C. § 111 (1994), with the result that Massachusetts residents who paid State income taxes on Federal military pension income from 1986 to 1992 were not entitled to an abatement inasmuch as that retirement system was noncontributory. [558-562]

APPEAL from a decision of the Appellate Tax Board.

The Supreme Judicial Court granted an application for direct appellate review.

*Stephen S. Ostrach* for the taxpayers.

*Douglas H. Wilkins*, Assistant Attorney General (*Thomas A. Barnico*, Assistant Attorney General, with him) for the Commissioner of Revenue.

*Loretta C. Argrett*, Assistant Attorney General, *Gary R. Allen, David English Carmack & Kevin M. Brown*, of the District of Columbia, for the United States, amicus curiae, submitted a brief.

ABRAMS, J. The plaintiff taxpayers appeal from the Appellate Tax Board's dismissal on the pleadings of their claims for abatement of State income tax paid on Federal retire-

---

[1] Twenty-seven other taxpayers.

ment benefits. They urge us to overrule *Filios* v. *Commissioner of Revenue*, 415 Mass. 806 (1993), cert. denied, 114 S. Ct. 1538 (1994). We allowed the plaintiffs' application for direct appellate review. We affirm.

The taxpayers are Massachusetts residents who paid State income taxes on Federal military pension income from 1986 to 1992. Their abatement claim is grounded in 4 U.S.C. § 111 (1994), which provides: "The United States consents to the taxation of pay or compensation for personal service as an officer or employee of the United States . . . or political subdivision thereof . . . by a duly constituted taxing authority . . . if the taxation does not discriminate against the officer or employee because of the source of the pay or compensation." Where State law imposes a heavier tax burden "because of the source of the pay or compensation," § 111 is violated unless "the inconsistent tax treatment is directly related to, and justified by, 'significant differences between the two classes.'" *Barker* v. *Kansas*, 503 U.S. 594, 598 (1992), quoting *Davis* v. *Michigan Dep't of the Treasury*, 489 U.S. 803, 816 (1989). The taxpayers here argue that 4 U.S.C. § 111 is violated by G. L. c. 62, § 2 (*a*) (2) (E) (1994 ed.), and by St. 1973, c. 876. We do not agree.

General Laws c. 62, § 2 (*a*) (2) (E), exempts "[i]ncome from any contributory annuity, pension, endowment or retirement fund of the United States government or the commonwealth or any political subdivision thereof . . . to which the employee has contributed." Under the statute, benefits received by employees who contributed to the pension system during their State or Federal employment are exempt from State taxation, and employees (whether State or Federal) who did not contribute a portion of their salary to the retirement system must pay State taxes on their benefits. Most employees of the Commonwealth pay a percentage of their salaries into the retirement system during their working years. G. L. c. 32, § 22 (1994 ed.). The taxpayers, on the other hand, are beneficiaries of a "noncontributory" system funded entirely by their former employer, the Federal government. The Commissioner of Revenue asserts that the tax-

payers' pension benefits are therefore taxable under G. L. c. 62, § 2 (*a*) (2) (E). The taxpayers claim that the statute violates 4 U.S.C. § 111. We agree with the commissioner.

Massachusetts tax law distinguishes between contributory and noncontributory retirement plans, not between State and Federal retirees. "The determining factor for the Massachusetts exemption is whether the retirement fund is a 'contributory fund to which the employee has contributed.'" Technical Information Release (TIR) 89-6 (May 10, 1989), 2 Official MassTax Guide at 369 (West 1995). "Any Federal retirement income is exempt from Massachusetts tax if the system is contributory and the employee actually contributed," *id.*,[2] and, on the other hand, "[a] non-contributory government pension, received by a retired employee of [a political subdivision of the Commonwealth] . . . is includible in the Massachusetts gross income of the employee . . . in the taxable year in which the pension is paid." Letter Ruling 81-51 (June 11, 1981), *supra* at 576. In sum, the statutory provisions treat retirement benefits paid by the Commonwealth and the Federal government in precisely the same way.

The taxpayers argue that a retired employee of the Commonwealth receives "annuity" payments from the employee's own contributions and "pension" payments from the Commonwealth's contributions, so that the State employee does not contribute to the "pension fund." The taxpayers conclude that to tax their pension benefits is discriminatory because the State retiree is receiving a State tax-free "pension." If the taxpayers were correct we would be required to interpret G. L. c. 62, § 2 (*a*) (2) (E), so as to yield different results depending not on the substantive distinction whether employees contribute, but rather on the technical distinction of how

---

[2]Accord TIR 78-1 (Jan. 9, 1978) 2 Official MassTax Guide at 309 (West 1995) ("Income received from an employee benefit plan is generally taxable . . . . An exception is provided for amounts received from any annuity, pension, endowment or retirement fund of the United States government or the Commonwealth . . . to which the employee has contributed . . .").

the Commonwealth accounts for contributions. We conclude that the taxpayers are not correct, and that their focus on the State's accounting system is misplaced. The dispositive inquiry under G. L. c. 62, § 2 (*a*) (2) (E), is whether the employee contributed to the retirement system, not what account his contributions are placed in, or from what account distributions are made. The State worker is required to make regular, State-taxed, contributions to the retirement system in order to get a State tax-free pension on retirement. The taxpayers here made no such contribution.

Further, the result advocated by the taxpayers would require the Commonwealth either to discriminate against contributing employees in favor of noncontributing employees by taxing both contributions when made and benefits when received or, alternatively, to make the State retirement system noncontributory so as not to favor noncontributing employees. We do not think "the modern constitutional doctrine of intergovernmental tax immunity" codified in 4 U.S.C. § 111 requires such a result. *Davis* v. *Michigan Dep't of the Treasury*, 489 U.S. 803, 813 (1989).

We also do not agree with the taxpayers that the distinction made by the Commonwealth between contributing and noncontributing employees is "only a cloak for discrimination against federally funded benefits." *Barker, supra* at 604-605. Disparate treatment is justified by the fact that, in the Commonwealth's contributory system, the preretirement employee pays into the pension fund a percentage of after-tax wages, while in a noncontributory system the preretirement employee sacrifices nothing and receives full salary.[3]

---

[3]Employee contributions are subject to State tax pursuant to G. L. c. 62, § 2 (*a*) (1) (I). They are designated "employer contributions" by G. L. c. 32, § 22 (10), for Federal income tax purposes, not to exempt the employee from taxation, but to defer Federal taxation until benefits are received. See 26 U.S.C. § 414(h); *Howell* v. *United States*, 775 F.2d 887, 889-890 (7th Cir. 1985).

Because such designation and deferral of Federal taxation is specifically authorized by 26 U.S.C. § 414(h), it is difficult to understand the taxpayers' argument that such designation evidences discrimination violative of 4 U.S.C. § 111. We note, at any rate, that exclusion under G. L. c. 62,

Furthermore, we do not agree with the taxpayers that the contribution of a Massachusetts State employee is illusory. General Laws c. 32, § 22 (1) (b), requires a contribution of five per cent from employees who began service prior to 1975, seven per cent from employees who began service between 1975 and 1984, and eight per cent from employees who began service after 1984. General Laws c. 32, § 22 (1) (b½), requires an additional two per cent of the salary in excess of $30,000 from employees who began service after 1978. Although G. L. c. 62, § 3 (B) (a) (4), allows a taxpayer to deduct up to $2,000 from gross income for retirement system contributions, the taxpayers are mistaken in asserting that this provision "effectively shields employees earning less than $40,000 from ever paying any tax on their 'contributions.' " On the contrary, as the commissioner points out, a State employee hired after 1984 and earning between $25,000 and $30,000 (and therefore subject only to the eight per cent rate) would be subject to tax despite the $2,000 deduction. For State employees earning over $30,000 (and who are therefore subject to the additional two per cent contribution required by G. L. c. 32, § 22 [1] [b½]), the tax is even more significant.

The taxpayers also argue that 4 U.S.C. § 111 is violated by St. 1973, c. 876. Chapter 876 is a "grandfather" provision which exempts from taxation "income from a noncontributory annuity or pension allowance received on account of service in a police or fire department of a town by a person . . . who was in the employ of such . . . department at the time of the establishment of the contributory retirement system" in 1936 and 1937.[4] We do not think this provision discriminatory in the meaning of 4 U.S.C. § 111. Chapter 876

§ 2 (a) (2) (E), does not turn on whether the employee contributions were taxed by the Federal government, but on whether the contributions were made in the first place.

[4]The contributory system was established by St. 1936, c. 318 and St. 1937, c. 336. To receive the favored treatment about which the taxpayers complain, one would have had to be employed by a Massachusetts police or fire department before 1938, declined to join a contributory plan,

favors a class of retirees not "because . . . the source of the pay or compensation" is the Commonwealth rather than the Federal government, but on the basis of occupation (police and firefighters) and date of first employment (before 1938). Furthermore, St. 1973, c. 876, protects a small and dwindling class; we do not think it can be credibly argued that it constitutes "discrimination against federally funded benefits." *Barker, supra* at 604-605. Accord *Brown* v. *Mierke,* 191 W.Va. 120, 124, cert. denied sub nom. *Brown* v. *Paige,* 115 S. Ct. 207 (1994) (distinguishing statutes which discriminate *against* Federal retirees from statute *favoring* a narrow class of State retirees). See also *Alarid* v. *Secretary of the N.M. Dep't of Taxation & Revenue,* 118 N.M. 23, 29 (Ct. App. 1994), cert. denied, 115 S. Ct. 733 (1995) (same).

Neither G. L. c. 62, § 2 (*a*) (2) (E), nor St. 1973, c. 876, discriminates on the basis of source of benefits, either facially or in effect. Therefore, neither statute violates 4 U.S.C. § 111.[5] The taxpayers' argument amounts to a request that Federal employees be treated better than State and local employees. We do not think that 4 U.S.C. § 111 requires such a result. The ruling of the board is affirmed.

*So ordered.*

---

and received benefits from a noncontributory plan from 1986 to 1992.

In *Filios* v. *Commissioner of Revenue,* 415 Mass. 806 (1993), cert. denied, 114 S. Ct. 1538 (1994), we expressed doubt that any such person existed. See *id.* at 811-812. We noted, at any rate, that the taxpayer had failed to produce one, and so could not prove discriminatory treatment. *Id.* Here, because the taxpayers' claims were dismissed without an evidentiary hearing, we assume that the taxpayers could prove the existence of such retirees.

[5]Because we conclude that the statute "does not discriminate against the officer or employee because of the source of the pay or compensation," 4 U.S.C. § 111, we need not address the parties arguments as to whether the alleged inconsistencies are "justified by, 'significant differences between the classes.'" *Barker* v. *Kansas,* 503 U.S. 594, 598 (1992), quoting *Davis* v. *Michigan Dep't of the Treasury,* 489 U.S. 803, 816 (1989).