# OPINIONS OF THE JUSTICES.

## Opinion of the Justices to the Senate.

*Constitutional Law,* Taxation, Income tax. *Taxation,* Income tax, Exemption. *Pension. Retirement.*

A proposed amendment to G. L. c. 62, § 2 (*a*) (2) (E), that would exempt from income taxation by the Commonwealth retirement pay of retired members of the uniformed services of the United States, complies with the provision of art. 44 of the Amendments to the Constitution of the Commonwealth requiring income tax to be levied at "a uniform rate . . . upon incomes derived from the same class of property." [1204-1208]

On July 14, 1997, the Justices submitted the following answers to questions propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court respectfully submit their responses to the questions set forth in an order adopted by the Senate on May 13, 1997, and transmitted to this court on May 15, 1997. The order recites that Senate No. 1620, a bill pending before the General Court, entitled "An Act relative to the taxation of military pensions," exempts from income taxation by the Commonwealth retirement pay of retired members of the uniformed services of the United States. The bill amends G. L. c. 62, § 2 (*a*) (2) (E), by inserting in line 55 after the word "contributed" the following: ", or any income received from the United States government as retirement pay for a retired member of the Uniformed Services of the United States, as defined in 10 U.S.C. [§] 1072, regardless of whether the retiree contributed to the retirement system." The order further recites that grave doubt exists as to the constitutionality of the bill if enacted into law and requests our opinion on the following questions:

"1. Does Senate No. 1620 comply with the provision of Article 44 of the Amendments to the Constitution of the

Commonwealth that requires an income tax to 'be levied at a uniform rate . . . upon incomes derived from the same class of property'?

"2. If the answer to Question 1 is in the negative, does the exemption from income taxation of retirement pay of retired members of the uniformed services of the United States by Senate No. 1620 constitute a reasonable exemption or abatement as provided in said Article 44?"

We invited interested parties to submit briefs. In response, we received briefs in support of the bill from the following: the Joint Committee on Taxation, the Governor, the Massachusetts Council of Military Organizations, and Kenneth R. Depperman. No brief was filed against the bill.

1. General Laws c. 62, § 2, defines gross income, adjusted gross income, and taxable income for purposes of the State income tax. Under that provision, "Massachusetts gross income" means gross income as defined by the Internal Revenue Code, subject to modifications provided for within the section. General Laws c. 62, § 2 (a) (2) (E), currently provides for a deduction from gross income for "[i]ncome from any contributory annuity, pension, endowment or retirement fund of the United States government or the commonwealth or any political subdivision thereof . . . to which the employee has contributed."[1] The bill would amend this provision, so as to allow a deduction as well for retirement pay received by retired members of the United States uniformed services[2] from the military retirement system, which, in fact, is a noncontributory system. The end result would be that income received from Federal, State, or other public contributory systems and from the noncontributory military retirement system

---

[1]The statute does not define the term "contributory." See Black's Law Dictionary 329 (6th ed. 1990) (a contributory pension plan is one "where employees, as well as employers, make payments to a pension fund").

[2]The "uniformed services of the United States" include members of the Army, Navy, Marine Corps, Air Force, Coast Guard, commissioned corps of the Public Health Service, and the commissioned corps of the National Oceanic and Atmospheric Administration. 37 U.S.C. § 101(3), (4). Members of these services participate in the same retirement system. 10 U.S.C. §§ 12731-12732 (1994). The term "military" is used here to refer collectively to these services and their members.

would be exempt[3] from the State income tax, while income from private contributory systems and from other noncontributory systems would be taxable.[4]

The inquiry is whether this treatment of income from the military retirement system would comply with art. 44 of the Amendments to the Massachusetts Constitution. That article provides in part:

> "Full power and authority are hereby given and granted to the general court to impose and levy a tax on income in the manner hereinafter provided. Such tax may be at different rates upon income derived from different classes of property, but shall be levied at a uniform rate throughout the commonwealth upon incomes derived from the same class of property. The general court may . . . grant reasonable exemptions and abatements."

The Legislature has considerable discretion under art. 44 to define and designate "different classes of property" for the purposes of setting income tax rates. *Daley* v. *State Tax Comm'n*, 376 Mass. 861, 865-866 (1978). It may tax different classes at different rates, choose to tax only some classes and not others, and restrict the classes of income against which deductions may be applied. *Commissioner of Corps. & Taxation* v. *Adams*, 316 Mass. 484, 486-488 (1944).[5] A tax measure is presumed valid and is entitled to the benefit of any constitutional doubt, and the burden of proving its invalidity falls on those who challenge the

---

[3]Strictly speaking, G. L. c. 62, § 2 (*a*) (2) (E), provides for a deduction from gross income, not an exemption, but the terms are often used interchangeably. See, e.g., LR 89-1 (Feb. 16, 1989), 2 Official MassTax Guide at 759-761 (West 1997) (military retirement benefits not "exempt" under G. L. c. 62, § 2 [*a*] [2] [E]).

[4]Massachusetts allows a resident who receives a contributory public pension from another State to deduct that pension from Massachusetts gross income, if the other State grants reciprocal treatment to retirees from Massachusetts. See G. L. c. 62, § 3 (B) (*a*) (4); TIR 95-9 (Jan. 31, 1996), 2 Official MassTax Guide at 414, 415 (West 1997).

[5]Even though G. L. c. 62, § 2 (*a*), now defines Massachusetts gross income by reference to Federal gross income and thereby brings the State system closer to the Federal model of a general income tax, art. 44 continues to provide authority for applying different tax rates and deductions to different classes of property. See *Drapkin* v. *Commissioner of Revenue*, 420 Mass. 333, 338 (1995); *Markell* v. *State Tax Comm'n*, 2 Mass. Appellate Tax Bd. Rep. 75, 77-78 (1983).

measure. *Daley, supra* at 865. *Andover Sav. Bank* v. *Commissioner of Revenue*, 387 Mass. 229, 235 (1982). A classification of property is valid under art. 44 so long as it is not arbitrary or "grossly oppressive and unequal" and a "reasonable ground" exists for the classification. *Tax Comm'r* v. *Putnam*, 227 Mass. 522, 531 (1917). To be reasonable, the classification must reflect "actual underlying differences in the property," *Barnes* v. *State Tax Comm'n*, 363 Mass. 589, 594 (1973), such that the property is not of the "same kind" as other property that is subjected to a different tax rate. *Salhanick* v. *Commissioner of Revenue*, 391 Mass. 658, 662 (1984). The classification must be based on differences in the "sources of income," not on characteristics of the property owners or taxpayers. *Opinion of the Justices*, 266 Mass. 583, 586-587 (1929). However, a classification which refers to persons engaged in a particular occupation is nonetheless valid if the distinction rests on "the nature of the business and incidents which characterize the property employed therein." *Barnes, supra* at 594.

On the basis of these considerations, this court has upheld some distinctions in classification as valid and has disallowed others. The court has upheld the authority of the Legislature to impose different tax rates by distinguishing (a) capital gains from dividends and interest, *Putnam, supra*; (b) interest paid on loans made by finance trusts from interest paid on loans made by pawnbrokers, *Barnes, supra*; (c) interest earned on in-State bank deposits from that earned on deposits in out-of-State financial institutions, *Aronson* v. *Commonwealth*, 401 Mass. 244, 253-254 (1987), cert. denied, 488 U.S. 818 (1988); and (d) earned income from unearned (investment) income, see *Ingraham* v. *State Tax Comm'n*, 368 Mass. 242, 247 n.3 (1975). By contrast, the court has held classifications to be invalid that established different tax rates based on (a) the timing of contributions to a pension fund, *Daley, supra*; (b) the length of time that the income-generating property had been owned, *Salhanick, supra* at 661-664; (c) the amount of the bank deposit on which interest had been paid, *Commissioner of Revenue* v. *Lonstein*, 406 Mass. 92, 94 (1989); and (d) the total amount of income received by the taxpayer, *Opinion of the Justices, supra* at 586-588.

Currently, G. L. c. 62, § 2 (*a*) (2) (E), specifies that income received from public contributory retirement systems is deductible from gross income and is thereby exempt from State taxation

No such exclusion is provided for other retirement pay, including that from the noncontributory military retirement system. The statute therefore treats public contributory retirement systems as a separate class of property (i.e., source of income) from other retirement systems, and imposes different tax rates accordingly.[6]

In *Filios* v. *Commissioner of Revenue*, 415 Mass. 806 (1993), cert. denied, 511 U.S. 1030 (1994), the court rejected a challenge to State income taxation of Federal military retirement benefits brought on the basis of both art. 44 and 4 U.S.C. § 111 (1994), which prohibits discriminatory State taxation of Federal employees based on the "source of the pay or compensation."[7] The United States Supreme Court had previously ruled that it was a violation of 4 U.S.C. § 111, and of the constitutional doctrine of intergovernmental tax immunity which the statute codified, for a State to impose its income tax on Federal employee pensions while exempting State employee pensions from the tax, unless "significant differences" between the two classes justified the inconsistency. A State's desire (however reasonable in terms of the State's legitimate interests) to provide an economic benefit to its employees did not justify the distinction. *Davis* v. *Michigan Dep't of the Treasury*, 489 U.S. 803, 812-817 & n.4 (1989). The court determined in the *Filios* case that our State income tax did not discriminate against Federal employees and thus did not violate 4 U.S.C. § 111, because our statute determined the tax status of income received from a public retirement system according to whether the system was contributory or noncon-

[6]The court has never addressed whether it is constitutionally valid to distinguish between public and nonpublic (i.e., private sector) contributory retirement programs and allow a deduction only for income from public employee systems. In several other States, statutes providing for preferential tax treatment of public employee retirement programs have withstood challenges based on equal protection grounds or based on State constitutional provisions, similar to art. 44, that require uniform taxation of classes or subjects. See, e.g., *Streight* v. *Ragland*, 280 Ark. 206 (1983); *Commonwealth Revenue Cabinet* v. *Cope*, 875 S.W.2d 87 (Ky.), cert. denied, 513 U.S. 931 (1994); *Schnorbus* v. *Director of Revenue*, 790 S.W.2d 241 (Mo. 1990), cert. denied, 498 U.S. 1027 (1991).

[7]"Source" in the context of 4 U.S.C. § 111 refers to the payor — i.e., the governmental body that furnishes the compensation. By contrast, in our decisions interpreting art. 44, we have used the phrase "source of income" to mean a class of income-generating property. See *Daley* v. *State Tax Comm'n*, 376 Mass. 861, 866 (1978); *Opinion of the Justices*, 266 Mass. 583, 586-587 (1929).

tributory, not whether the source of compensation was State or Federal. Military retirees were subjected to State income tax because they belonged to a noncontributory system; other Federal retirees who belonged to contributory systems were not taxed. The court concluded that a distinction based on the type of retirement system satisfied the "significant differences" test set forth in the *Davis* decision. The classification did not violate art. 44, either, because there was an "actual underlying distinction" between the systems. Considering that *contributions* to the two types of plans were taxed differently, it was reasonable to tax *distributions* differently as well, so as not to subject contributory plan participants to double taxation.[8] *Filios, supra* at 809-812.[9]

Although the court concluded in the *Filios* case that the State does not violate art. 44 by treating public contributory and noncontributory retirement systems as different classes of property and by taxing military retirement income on the basis of that distinction, the court's decision in that case does not now preclude the Legislature from identifying the military retirement system itself as a separate class of property, provided that reasonable grounds exist for drawing such a distinction between that system and other noncontributory systems (whose distributions would remain subject to income taxation under the proposed bill).

The proponents of the bill have identified a number of "actual underlying differences in the property" that warrant a separate classification for the military retirement system, based on the "nature of the business and incidents which characterize the

[8]In a contributory retirement plan, "amounts contributed to the plan are includible in the Massachusetts gross income of the employee . . . . Under a noncontributory plan, amounts contributed on behalf of an employee are not included in the gross income of the employee and are therefore not subject to tax at the time of contribution. Thus, taxing distributions from contributory plans can lead to double taxation, while taxing distributions from noncontributory plans will not." *Filios* v. *Commissioner of Revenue*, 415 Mass. 806, 810 (1993), cert. denied, 511 U.S. 1030 (1994), quoting TIR 92-3 (Apr. 28, 1992). A portion of employee contributions to a public retirement system is in fact deductible from Massachusetts adjusted gross income. See G. L. c. 62, § 3 (B) (*a*) (4). It is nonetheless the case that distributions from contributory plans, unlike those from noncontributory plans, may represent previously taxed funds.

[9]The imposition of the Massachusetts income tax on military pension income was again challenged in *Cooper* v. *Commissioner of Revenue*, 421 Mass. 557 (1995), cert. denied, 116 S.Ct. 1850 (1996), and again the court concluded that the State income tax law did not violate 4 U.S.C. § 111.

property employed therein." *Barnes, supra* at 594. The conditions of military service are significantly different from those in civilian employment. Military service can involve unanticipated changes in assignment, frequent relocation, separation from one's family, limitations on basic rights and liberties, and unpredictable risks of bodily harm. The conditions of employment affect the computation of military pensions, because the base pay on which retirement benefits are calculated does not include living and housing allowances. See 10 U.S.C. §§ 1401, 12739; 37 U.S.C. § 101(21). See also Fiscal Year 1995 United States Department of Defense Statistical Report on the Military Retirement System 1, 5-6 (DOD Report). As a result of these special conditions, military compensation (including current pay and the deferred compensation represented by pension benefits[10]) is not readily comparable to pay and retirement benefits received by other workers. An unusually long period of twenty years is required for eligibility for military pensions. See 10 U.S.C. §§ 12731-12732; DOD Report, *supra* at 1-2. In short, to acquire entitlement to income from the military retirement system, a person must make uncommon choices and accept distinctive sacrifices.[11]

In addition to considering how the "nature of the business" may characterize a class of property and distinguish it from another, the Legislature may also weigh such factors as habitual practice, custom, or history. *Daley, supra* at 866. As a matter of history, exemptions were long allowed for income that municipal police and fire personnel received from the noncontributory

---

[10]Military retirement benefits are considered to be "deferred pay for past services." *Barker* v. *Kansas*, 503 U.S. 594, 605 (1992).

[11]It is appropriate to emphasize that distinctions in types of property, not personal status, are required to establish valid classifications under art. 44. See *Opinion of the Justices*, 266 Mass. 583, 586-587 (1929). The Legislature could not create a different income tax rate for military retirees merely on the basis of their status as veterans. To be constitutionally acceptable, the classification must relate to a particular source of income — here, the military retirement system — and it must be shown that there are actual differences between that source and others, such as to warrant a separate classification. To make that showing, it is appropriate to consider the special circumstances and efforts involved in gaining a right to the class of property. See, e.g., *Barnes* v. *State Tax Comm'n*, 363 Mass. 589, 593-594 (1973) (allowing different tax rates on interest income received by pawnbrokers and by trusts engaged in "small loans"); *Tax Comm'r* v. *Putnam*, 227 Mass. 522, 531 (1917) (differentiating between dividends and interest that are received without additional investor effort, and capital gains that involve exercise of judgment and business sagacity).

pension systems that predated the establishment of the current contributory plans in 1936 and 1937.[12] This long-standing practice supports the view that the Legislature may constitutionally single out a particular noncontributory retirement system for differential tax treatment.

We therefore conclude that Senate No. 1620 complies with the provision of art. 44 that requires an income tax to "be levied at a uniform rate . . . upon incomes derived from the same class of property." We answer Question 1, "Yes." .

2. The second question submitted to us asks whether, if Senate No. 1620 does not comply with the uniformity requirement of art. 44, an income tax exemption for military retirement pay would nonetheless be a reasonable exemption or abatement, as provided for in the third sentence of art. 44. As we have answered Question 1 in the affirmative, we need not answer Question 2, which by its terms is contingent on a negative answer to Question 1.

The foregoing answers and opinions are submitted by the Chief Justice and the Associate Justices subscribing hereto on the fourteenth day of July, 1997.

> HERBERT P. WILKINS
> RUTH I. ABRAMS
> NEIL L. LYNCH
> FRANCIS P. O'CONNOR
> JOHN M. GREANEY
> CHARLES FRIED
> MARGARET H. MARSHALL

---

[12]When the State income tax was first enacted, the noncontributory pensions of Boston school teachers and all municipal police and fire personnel were exempted. Spec. St. 1917, c. 327; St. 1917, c. 270. In 1973, the Legislature "grandfathered" the exemption for police and fire personnel who had been employed prior to 1938 and who had elected not to join the new contributory system. St. 1973, c. 876, § 1. See *Cooper* v. *Commissioner of Revenue*, 421 Mass. 557, 561-562 & n.4 (1995); *Filios* v. *Commissioner of Revenue*, 415 Mass. 806, 811 (1993), cert. denied, 511 U.S. 1030 (1994). In those decisions, the court concluded that the special police and fire personnel exemptions did not constitute discrimination against Federal (namely, military) retirees in violation of 4 U.S.C. § 111, in light of the fact that few (if any) persons were still covered by those exemptions. The court was not called on to consider whether the exemptions met the requirements of art. 44.