70 F.3d 111
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gary S. FOWLER, Plaintiff-Appellant,
v.
William J. PERRY, Secretary, Department of Defense,
Defendant-Appellee.
 No. 95-2243.
 United States Court of Appeals, Fourth Circuit.
 Submitted: October 18, 1995.
Decided Nov. 15, 1995.
 
 Steven M. Marks, Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Robert W. Jaspen, Assistant United States Attorney, Richmond, Virginia, for Appellee.
 Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Gary S. Fowler appeals from the district court's order dismissing his employment discrimination action for lack of jurisdiction. Because Title VII of the Civil Rights Act of 1964, as amended, does not apply to uniformed members of the armed services, we affirm.
 
 
 2
 Lieutenant Colonel Gary Fowler of the United States Army retired from active duty in November 1993. After his retirement, Fowler filed a complaint against the Secretary of the Department of Defense alleging that while assigned to the Defense Nuclear Agency, he was the victim of sexual harassment by his supervisor and superior officer. Fowler complained about this harassment and was transferred to another supervisor but his complaint was never investigated. Fowler also alleged that he was not issued his approved retirement award and therefore was unable to participate in a planned ceremony to commemorate his retirement from the Army. The award was issued two months after Fowler's scheduled retirement date. Fowler alleged that the denial of his Meritorious Service Award constituted further harassment or retaliation for his prior complaint of sexual harassment.
 
 
 3
 The district court dismissed Fowler's action, reasoning that an employer of a uniformed member of the armed services is not subject to liability under 42 U.S.C.A. Sec. 2000e-16 (West 1994). Fowler appeals, arguing that because he is retired, he is no longer a member of the uniformed services; however, he should be considered an employee of Perry because he receives retirement pay and for five years after retirement is liable for recall to active duty at the discretion of the Secretary of Defense. Fowler also contends that he is entitled to relief based upon estoppel or fraud because he relied upon the word of his superior officer in not pursuing this action while on active duty.
 
 
 4
 Title VII prohibits discrimination "in personnel actions affecting employees or applicants for employment ... in military departments." 42 U.S.C.A. Sec. 2000e-16(a) (West 1994). All of the circuit courts which have considered the issue have concluded that this section applies only to civilian employees and not to uniformed members of the armed services. Roper v. Department of Army, 832 F.2d 247, 248 (2d Cir.1987); Stinson v. Hornsby, 821 F.2d 1537, 1541 (11th Cir.1987), cert. denied, 488 U.S. 959 (1988); Gonzalez v. Department of Army, 718 F.2d 926, 928-29 (9th Cir.1983); Johnson v. Alexander, 572 F.2d 1219, 1224 (8th Cir.), cert. denied, 439 U.S. 986 (1978).
 
 
 5
 Although acknowledging this authority, Fowler contends that because he has retired from the Army, he is no longer a uniformed member of the armed services. This distinction is without merit. See Barker v. Kansas, 503 U.S. 594, 599 (1992) ("Military retirees unquestionably remain in the service."); McCarty v. McCarty, 453 U.S. 210, 221-22 (1981) ("The retired officer remains a member of the Army."). Because Fowler remains a uniformed member of the armed services--although retired and subject to recall and restrictions--he cannot maintain an action under Title VII. Gonzalez, 718 F.2d at 928-29; Johnson, 572 F.2d at 1224.
 
 
 6
 Additionally, the actions that Fowler alleges were discriminatory occurred before Fowler retired from active duty in the armed services. Fowler's retirement from the Army does not convert the alleged sexual harassment and the delay of the award from personnel actions concerning a member of the uniformed services into personnel actions concerning a civilian employee of the military.
 
 
 7
 On appeal, Fowler raises for the first time his contention that Perry should be estopped from denying his claims and that agents of Perry engaged in fraud. Because Fowler failed to present these claims to the district court in his complaint or in his opposition to Perry's motion to dismiss, this court is precluded from entertaining them. See United States v. Maxton, 940 F.2d 103, 105 (4th Cir.), cert. denied, 502 U.S. 949 (1991).
 
 
 8
 In conclusion, we affirm the district court's order dismissing Fowler's Title VII action for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.