George A. SEAVER, Jr., Petitioner,

v.

COMMANDANT, U.S. DISCIPLINARY BARRACKS, FT. LEAVENWORTH, KANSAS, et al., Respondents.

No. 94–3509–RDR.

United States District Court,
D. Kansas.

March 31, 1998.

George A. Seaver, Fort Leavenworth, KS, pro se.

Mary K. Ramirez, Office of United States Attorney, Topeka, KS, for United States of America, United States Disciplinary Barracks, Commandant, respondents.

## MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

This action was filed pro se by petitioner, an inmate at the United States Disciplinary Barracks, Fort Leavenworth, Kansas, captioned as a "motion to reduce or correct sentence pursuant to Rule 35, Federal Rules Criminal Procedure." Petitioner was permitted to proceed in forma pauperis and the pleading was liberally construed as a petition for writ of habeas corpus, 28 U.S.C. § 2241. An Order to Show Cause issued, respondents filed an Answer and Return, petitioner filed a Traverse and respondents filed a Response to the Traverse. In essence, petitioner seeks to have his sentence imposed by a military court-martial overturned or reduced. Having examined all the pleadings and materials in the file which include the record of the court-martial proceeding, the court makes the following findings and order.

## FACTS

Material facts are not in dispute. Trial of petitioner by a general court-martial composed of a military judge sitting alone as requested by the accused, commenced at Subic Bay, Republic of the Philippines, on July 4, 1991. Petitioner pled guilty to the charge and seven specifications of sodomy in violation of 10 U.S.C. § 925 and to the charge and nine specifications of indecent liberties with a child in violation of 10 U.S.C. § 934 as the result of acts perpetrated by him upon his nine-year old daughter and two of her friends. He pled not guilty to other specifications and to assault and was tried on those charges. After conducting a plea proceeding and hearing all the evidence, the military judge found petitioner guilty of the charge and seven specifications of sodomy, guilty of the charge and six specifications of indecent liberties with a child and not guilty of the charge and specification of assault. AR 120–22. The judge dismissed and consolidated 14 specifications to eliminate multiplicity which was concurred in by the defense and government counsel. The military judge then stated and both counsel agreed that the maximum permissible sentence of confinement in this case would be 168 years. AR 122. Seaver was also informed at the plea proceeding and by his counsel that punishment could include total forfeitures and dismissal. AR 45.

Petitioner presented evidence in extenuation and mitigation prior to sentencing including that he had honorably served in the Navy for over 20 years, that he was retirement-eligible, and that he would lose retirement benefits if dismissal was imposed, leaving his wife and three children (including his nine-year old daughter) with no income. The military judge sentenced Seaver to 18 years confinement, forfeiture of all military pay and allowances, and a dismissal from the United States Navy.

Petitioner sought clemency from the Convening Authority who denied his requests. The Convening Authority referred the record of trial to the Staff Judge Advocate (SJA) for post trial review who recommended that the sentence be approved as adjudged. AR 14. Defense counsel sought clemency and submitted comments regarding the SJA review, but the Convening Authority concurred with the SJA advice and approved the findings of guilty as well as the sentence. AR 19.

The Convening Authority then forwarded the record of trial to the Navy–Marine Corps Court of Military Review (NMCMR) for automatic review pursuant to 10 U.S.C. §§ 865(a) and 866(b). In this appeal, petitioner raised eight assignments of error. Two are the same as grounds presented in the petition before this court; namely that the sentence is inappropriately severe; and that the Staff Judge Advocate's Recommendation provided inaccurate information to the Convening Authority. On June 30, 1993, the NMCMR affirmed the findings and sentence

as adjudged by the trial judge and approved by the Convening Authority. AR 425.

Petitioner subsequently petitioned the Court of Military Appeals (CMA) for review of the same issues raised before the NMCMR. The CMA denied review on the two issues raised in the petition before this court.[1]

Petitioner has submitted numerous requests for clemency to the Navy Clemency and Parole Board including pleas for suspension of his sentence of dismissal from the Navy, suspension of all or a portion of the forfeitures, and reduction in his term of confinement. On November 17, 1992, the Board suspended for 18 years the forfeitures of pay in excess of $1700 per month on the condition that it be paid to petitioner's wife. Petitioner's other requests have been denied.

For purposes of this action, the court accepts the following allegations in the petition as true. Petitioner, having served in the military for over 20 years, was retirement-eligible and would have been entitled to retirement pay and benefits but for his court-martial. The denial of such benefits could well result in a loss of over half a million dollars, depending on one's rank and length of service. *See U.S. v. Ives,* 45 M.J. 22 (CMA July 2, 1996) (unpublished opinion denying petition for grant of review)(dissenting opinion).

## CLAIMS

In his petition before this court, Seaver delineated four claims: (1) the sentence of 18 years confinement is excessive or cruel and unusual under the Eighth Amendment; (2) the Staff Judge Advocate's recommendation to the Convening Authority contained errors as to petitioner's pleas which "destroyed any chance for sentence relief from the Convening Authority;" (3) the sentence of total forfeiture of pay and allowances and dismissal from the Navy constitutes excessive, cruel and unusual punishment under the Eighth Amendment to the Constitution; and (4) the sentence of dismissal from the Navy and subsequent loss of retirement pay and benefits amounts to an illegal confiscation of property unrelated to the offenses in violation of

U.S. Supreme Court law and the Fifth Amendment Due Process Clause.

## STANDARD OF REVIEW

It is undisputed that federal courts are extremely limited in their scope of review of military court-martial proceedings which are being collaterally attacked by a petition for writ of habeas corpus. The touchstone of cases discussing the scope of review is *Burns v. Wilson,* 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953). In *Burns* the United States Supreme Court held that when a military tribunal "has dealt fully and fairly with" allegations raised in a petition for writ of habeas corpus, "it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Id.,* at 142. The court further stated: "It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims." *Id.,* at 144. *See also Lips v. Commandant, U.S. Disciplinary Barracks,* 997 F.2d 808, 811 (10th Cir.1993), *cert. denied,* 510 U.S. 1091, 114 S.Ct. 920, 127 L.Ed.2d 213. In addition, as a prerequisite for any collateral review in federal court, it must be shown that all available military remedies have been exhausted. *Khan v. Hart,* 943 F.2d 1261, 1263 (10th Cir.1991). Furthermore, a federal habeas court will not review claims not raised at all before the military courts. *Watson v. McCotter,* 782 F.2d 143, 145 (10th Cir.), *cert. denied,* 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986). If an issue is brought before a military review court and is disposed of, even summarily, the federal habeas court will find that the military tribunal has given the claim full and fair consideration. *Id.*

The Tenth Circuit Court of Appeals provided further guidance for determining a federal habeas court's scope of review of military cases in *Dodson v. Zelez,* 917 F.2d 1250 (10th Cir.1990). The court articulated four factors for the court to consider in such matters: (1) whether the claimed error is of substantial constitutional dimension; (2) whether a legal, rather than a factual, issue is involved; (3) whether military consider-

---

1. The CMA agreed to review only one issue not before this court. The United States Supreme Court denied a petition for writ of certiorari on

October 3, 1994, presumably on the issue not before this court.

ations may warrant different treatment of constitutional claims such that federal civil court intervention would be inappropriate; and (4) whether the military courts have given adequate consideration to the claimed error and applied proper legal standards. *Id.,* at 1252–53; *Khan,* 943 F.2d at 1262–63. The court has reviewed the entire record with these standards in mind.

**EXHAUSTION**

The court finds from the record that petitioner has exhausted the available military remedies on his claims of errors in the SJA report and that a term of 18 years is excessive. The court further finds that petitioner has not exhausted military remedies on the claims that the punishment imposed upon him amounted to a violation of the Fifth and Eighth Amendments to the United States Constitution. Petitioner presented the bare claim that his sentence and punishment are excessive, but did not couch it in terms of federal constitutional violations. The failure to present the constitutional basis for his claims could result in this action being dismissed for failure to exhaust.

**FULL AND FAIR CONSIDERATION**

The court finds that petitioner's claim that the SJA recommendation contained errors was fully and fairly considered by the military courts and found to be without merit. As a result, petitioner is not entitled to review of that claim in federal district court, and it is dismissed on this ground.

The record also indicates that the military courts considered the circumstances of petitioner's offense together with his military record and other mitigating evidence and concluded the punishment was not excessive. Thus, petitioner's claims of illegal sentencing, insofar as they were presented to the military courts, were fully and fairly considered as well.

However, it does not appear that the constitutional bases for these claims were considered. Since the constitutional grounds implicated by petitioner's claims were not asserted in the military appeals, this court might hold that those claims have been waived and need not be reviewed absent a showing of cause and prejudice. *Lips,* 997 F.2d at 812. Such a showing has not been

proffered and is not apparent from the record.

**DISCUSSION**

 Rather than dismiss this pro se petition solely on the foregoing grounds however, the court additionally determines that there is simply no authority for granting habeas relief on petitioner's claims. While the Eighth Amendment is applicable to court-martial proceedings [*U.S. v. Martinez,* 19 M.J. 744 (ACMR 1984) *review denied,* 21 M.J. 27 (CMA 1985)], the punishment imposed upon petitioner of confinement for 18 years was well within the statutory limits and cannot be said to contravene the Eighth Amendment. *See Kehrli v. Sprinkle,* 524 F.2d 328, 333 (10th Cir.1975), *cert. denied,* 426 U.S. 947, 96 S.Ct. 3165, 49 L.Ed.2d 1183 (1976). Since petitioner does not allege or show that his sentence was other than legally imposed, its severity is not reviewable on federal habeas corpus, *Jackson v. Taylor,* 353 U.S. 569, 77 S.Ct. 1027, 1033, 1 L.Ed.2d 1045 (1957).

 This court also finds no legal merit to petitioner's challenge to forfeitures of pay, which are anything but unusual as they have always been authorized as a military punishment. *United States v. Gorski,* 47 M.J. 370, 372, FN3 (USAF 1997); *see also McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). Moreover, petitioner has already obtained suspension of a significant portion of his forfeitures administratively.

Petitioner's main concern seems to be the loss of his family's income, an issue which has troubled a few military jurists as well. *See United States v. Sumrall,* 45 M.J. 207, 211 (CMA 1996); *Ives,* 45 M.J. at 22. Nevertheless, this court finds that there exists no authority for holding that dismissal from the Navy with its concomitant loss of retirement pay and benefits is cruel and unusual punishment, a confiscation of a vested property interest without due process, or grounds for federal habeas corpus relief.

Dismissal with the resultant loss of substantial amounts of early separation pay or retirement pay and medical benefits for life are typical results in court-martial proceed-

ings in the United States military today. *See Ives*, 45 M.J. at 22. Military courts have commented that in the modern military, high standards are set and a conviction of even a minor crime in a court-martial usually brings on discharge and the automatic loss of a pension and benefits.

Although petitioner did not present his constitutional claims to the military courts, other court-martialed, retirement-eligible servicemembers have. Military courts which have considered the precise sentencing issues raised by petitioner have found no entitlement to relief.

*United States v. Lee*, 43 M.J. 518 (CCA 1995), *aff'd*, 46 M.J. 123 (CMA 1996), was an appeal by a twenty-five year servicemember convicted of sodomy and indecent acts with teenage boys. The court considered the Eighth Amendment claim raised here and reasoned as follows.

> Appellant now argues that, in his circumstances, the punishment of dismissal from the service, with the attendant consequence of loss of retired pay, offends the Eighth Amendment's prohibition of cruel and unusual punishment or excessive fines. Appellant's argument suffers from a number of infirmities, not the least of which is that the loss of retired pay is not a component of the sentence. It is, rather, a potential consequence of the sentence.
>
> \* \* \* \* \* \*
>
> There is authority for the proposition, however, that the loss of retired pay for one who is retirement eligible is a collateral consequence only in theory, and "in reality, the impact of an adjudged punishment on the benefits due an accused who is eligible to retire is often the single most important sentencing matter to that accused and the sentencing authority."

*Lee*, 43 M.J. at 520. That court concluded that "whether the loss of retirement benefits and pay is a direct or a collateral consequence of the imposition of a punitive discharge, it is indisputable that it is a consequence of the sentence and forms no part of the sentence itself." *Id.*

The court in *Lee* also determined the "excessive fine" claim.

> We likewise doubt that the probability of a loss of retired pay attending a punitive

discharge is reviewable against the constitutional prohibition of "excessive fines." The "entitlement" to military retired pay following 20 years of service is, strictly speaking, not an entitlement at all, as it is at all times discretionary with the Secretary of the Air Force. 10 U.S.C. § 8911 (1994). The Secretary, similarly, is empowered to commute, remit, or suspend a dismissal, which may not be executed until the Secretary has approved it. . . .

*Lee*, 43 M.J. at 522. In *United States v. Carpenter*, 1996 WL 927614, \*3 (CCA) the judge in an unpublished opinion discussed the Supreme Court cases cited in support of petitioner's "excessive fine" claim:

> The appellant cites two U.S. Supreme Court forfeiture cases, which applied the Eight Amendment's excessive fine limitation, as support for his contention that his potential loss of retirement benefits from a dismissal is similarly limited by the Eighth Amendment. . . . [W]e do not agree that the Racketeer Influenced and Corrupt Organizations (RICO) Act in personam forfeiture at issue in Alexander v. United States and the in rem civil forfeiture at issue in United States v. Austin are analogous to the potential loss of retirement benefits as a result of an executed court-martial sentence of dismissal of a retirement-eligible officer. (citations omitted). To characterize the latter as a fine and a punishment of the court-martial ignores the fact that the loss of retirement benefits is a potential consequence of the conviction and sentence and not part of the sentence itself. Further, the Secretary of the Navy or a designate must approve and order executed the dismissal of a commissioned officer.

The court in *Carpenter* also clearly addressed the due process claim raised by petitioner.

> Appellant contends that the statutory and regulatory scheme for regular commissioned officers "creates an entitlement to retirement pay and benefits sufficient to qualify as a 'property interest' for due process analysis."
>
> \* \* \* \* \* \*
>
> A fundamental flaw in the appellant's due process argument is the notion that

the prospective retirement benefits of a retirement-eligible officer become a vested property right at the time the officer becomes retirement-eligible....[U]nder the statute, an officer must be "an officer of the Navy or the Marine Corps" to be retired at the discretion of the President. 10 U.S.C. § 6323. When officer status is terminated by reason of an approved and executed dismissal, the individual is no longer "an officer of the Navy or the Marine Corps"' and eligibility to receive retirement benefits ceases. This is more than a semantic exercise. Continued honorable service is a requirement for commissioned officer status, even in retirement. *See McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) (military retired pay characterized as reduced compensation for reduced current service).

*Id.,* at *3–*4; *but cf., Barker v. Kansas,* 503 U.S. 594, 112 S.Ct. 1619, 118 L.Ed.2d 243 (1992)(military retirement benefits are to be considered deferred pay for past services for purposes of 4 U.S.C. § 111). The judge in *Carpenter* further observed:

It is difficult to conceive how a general court-martial and the presentencing procedure prescribed in our rules could be viewed as falling short of the requirements of due process under the Fifth Amendment.... Indeed, the military rules even permit an unsworn statement from an accused and relaxation of the rules of evidence for admission of matters in extenuation and mitigation. (cites omitted).

*Id.* at *4.

This court additionally notes that there is no express authorization in the Uniform Code of Military Justice or the Manual for Courts–Martial for the denial of retirement benefits. However, the Uniform Code of Military Justice does authorize dismissal, 871(b) & (c)(1) and Seaver received that punishment. To this court's knowledge, Seaver has not requested retirement, and the Secretary of the Navy has not otherwise retired him. Accordingly, a substantial question exists whether Seaver has a legally sufficient property interest at the present time for purposes of a Due Process Clause claim.

■ Even assuming Seaver does have such an interest, the next question is whether he was afforded due process at his court-martial with regard to the taking or denial of retirement benefits. The potential loss of retirement benefits was a proper matter for consideration by factfinders at petitioner's courts-martial. *Sumrall,* 45 M.J. at 209; *United States v. Griffin,* 25 M.J. 423 (CMA 1988), *cert. denied,* 487 U.S. 1206, 108 S.Ct. 2849, 101 L.Ed.2d 886 (1988); *see also United States v. Greaves,* 46 M.J. 133 (CMA 1997). Petitioner was allowed to present such evidence at his court-martial proceedings. To the extent that a dismissal affects retirement benefits including pay, these procedures have been held to satisfy the meaningful-opportunity-to-be-heard concerns of the Due Process Clause. *Sumrall,* 45 M.J. at 209.

■ Dismissal is a punishment long known to our military and the armies of other civilized countries. *Id., citing United States v. Ohrt,* 28 M.J. 301, 306 (CMA 1989). The effect of dismissal on retirement pay has long been recognized. *Sumrall,* 45 M.J. at 209 *citing Hooper v. United States,* 164 Ct. Cl. 151, 326 F.2d 982, 988, *cert. denied,* 377 U.S. 977, 84 S.Ct. 1882, 12 L.Ed.2d 746 (1964)(since plaintiff was validly dismissed from the Navy, his entitlement to retired pay no longer existed). However, as noted above, it is the Secretary of the Navy or Air Force who denies retired status to a servicemember, not a court-martial. This Court has no jurisdiction under the habeas corpus statute to review a service Secretary's decision as to retirement when and if such action is taken, or the consequences that a servicemember suffers after execution of a proper sentence under the Uniform Code of Military Justice. Even though a court-martial sentence may result in a huge loss of retirement pay, loss of veteran benefits, loss of the right to vote, or possess firearms, etc., these consequences all are beyond the jurisdiction of the habeas court. Provisions of the Uniform Code of Military are the laws that take away petitioner's projected pension and they are civil, not criminal laws.

Petitioner or his family may have a remedy in a political forum or administratively, or

in a civil action challenging the constitutionality of relevant statutes or the actions of the Secretary of the Navy. The dissenting judge in *Ives* suggested that the possible punishments a court-martial may impose be changed to include a discharge with no loss of retirement benefits. The military judge in *Sumrall,* 45 M.J. at 211, concluded:

It is my personal belief that something should be done about the problem in the military justice system where the effect of the court-martial sentence for a crime inevitably triggers a huge loss in retirement pay. There is a solution to this problem. I have written about it but can do no more.

The court concludes that petitioner has stated no grounds for federal habeas corpus relief and this action must be dismissed.