Robin L. SHIVER

v.

UNITED STATES of America.

No. Civ.S 98–3163.

United States District Court, D. Maryland.

Feb. 4, 1999.

**322**

James T. Wharton, Wharton, Levin, Ehrmantraut & Klein, P.A., Annapolis, MD, David L. Rutland, Wharton, Levin, Ehrmantraut, Klein & Nash, P.A., Annapolis, MD, Craig D. Andrew, Wiles Doucher Van Buren & Boyle, Columbus, OH, for Robin L. Shiver, plaintiff.

Roann Nichols, Office of the U.S. Attorney, Baltimore, MD, Lynne A. Battaglia, U.S. Attorney, Baltimore, MD, for U.S., defendant.

## MEMORANDUM OPINION AND ORDER

SMALKIN, District Judge.

This is an action brought against the United States of America and several individuals, growing out of an alleged rape of the plaintiff that was committed by her then-drill sergeant while both of them were active-duty soldiers stationed at Aberdeen Proving Ground, Maryland. The defendant United States of America has moved to dismiss, the plaintiff has opposed the motion, and no further briefing or oral hearing is needed. Local Rule 105.6, D.Md.

The plaintiff proceeds against the Government under several theories. The first is a claim for tort liability under local law, as made applicable to the Government through the limited waiver of sovereign immunity found in the Federal Tort Claims Act (FTCA), 28 U.S.C. sections 2671, *et seq.*

(Plaintiff has exhausted the necessary administrative procedures that are jurisdictionally necessary to the maintenance of an FTCA suit).

Under clear present law, the plaintiff's FTCA claim is barred by the so-called *Feres* doctrine, which embodies a judicially-recognized exception to the FTCA where the injury complained of was visited by one member of the armed forces upon another while both were in active service, whether on or off duty at the time the injury was inflicted. *See, e.g., United States v. Shearer,* 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985) (off-duty, off-base murder—claim of negligence against Government barred). *See also, Stewart v. United States,* 90 F.3d 102 (4th Cir.1996). Given the Supreme Court's continuing adherence to the *Feres* doctrine, which obviously binds both the Fourth Circuit and this Court, this Court has no alternative but to dismiss the FTCA claim. This is not to suggest that the FTCA claim is within Rule 11 territory, as the Court is aware that *Feres* is—and has been—under continual assault. But, it has withstood all challenges to date. Furthermore, to the extent that it could independently exercise its judgment on the issue, this Court would keep *Feres* intact and in place. The military services of this country cannot effectively be managed or deployed if subject to litigative hindsight by federal judges (there being no jury trials in FTCA cases), and, contrary to plaintiff's assertion, military discipline would be adversely affected by allowing tort litigation under the FTCA, as officers' and non-commissioned officers' authority and credibility would both be open to attack outside military channels, thus undermining their authority. The resulting fear of litigation would paralyze decision-making in the one segment of our society that remains free of such paralysis, and that must remain free of it, if it is to fulfill its mission. The point needs no more discussion than that.

The Court also agrees with the Government's assertion that the plaintiff's claims, as they arise from an assault, are all barred—whether asserted as claims for assault as such or for negligence of any sort—

by the intentional tort exception of the FTCA, 28 U.S.C. section 2680(h). *Perkins v. United States*, 55 F.3d 910 (4th Cir.1995).

The Court need not address the plaintiff's RICO claim, asserted in Count IV under 18 U.S.C. section 1962, as it has been voluntarily dismissed.

█ Finally, the plaintiff claims against the Government for a violation of federal civil rights laws prohibiting sexual harassment of federal employees. Such laws do not give rise to civil liability in favor of active-duty military personnel. *See, e.g., Hupp v. U.S. Dep't. of the Army*, 144 F.3d 1144 (8th Cir. 1998). *See also, Fowler v. Perry*, 70 F.3d 111 (*table*), 1995 WL 678123 (4th Cir.1995). The Court declines to extend the coverage of such laws to uniformed military personnel unless Congress expressly so directs. Such an extension would open up purely military decision-making in personnel management matters to judicial (and, this time, by a lay jury) second-guessing. If Congress wants this to happen, it should expressly say so. Otherwise, the Article III courts should not be injected into military personnel matters.

For the stated reasons, the defendant United States' motion to dismiss is hereby GRANTED, and the complaint is dismissed as against it and against Attorney General Janet Reno for lack of federal subject-matter jurisdiction, Fed.R.Civ.P. 12(b)(1) and for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). Claims against the individual defendants (other than Reno) remain, and plaintiff should inform the Court of her intentions regarding those claims within 14 days of the date hereof.