Francisco A. FERNANDEZ,[1]
Petitioner,

v.

Marvin L. NICKELS, et
al., Respondents.

No. 98–3261–RDR.

United States District Court,
D. Kansas.

July 25, 2000.

1. It appears petitioner has legally changed his name from Frankie A. Simpson, the name under which he was court-martialed. *See* Respondent's Return (Doc. 5), p. 5.

Francisco A Fernandez, Fort Leavenworth, KS, petitioner pro se.

D. Brad Bailey, Mary K. Ramirez, Office of United States, Attorney, Topeka, KS, for Marvin L Nickels, Commandant, respondent.

## · ORDER

ROGERS, District Judge.

Petitioner, a prisoner confined in the United States Disciplinary Barracks in Fort Leavenworth, Kansas, proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241.[2]

On May 10, 1995, petitioner was convicted by general court-martial in Quantico, Virginia, on his guilty plea to specifications of sodomy, assault with intent to commit sodomy, indecent act, and indecent assault. The sentence handed down included a dishonorable discharge and confinement for 30 years. The convening authority approved the sentence as adjudged, but pursuant to the terms of petitioner's pretrial agreement, suspended confinement beyond 15 years for 3 years from the date sentence was adjudged. The conviction and sentence were affirmed by the United States Navy–Marine Corps Court of Criminal Appeals (NMCCA). *United States v. Simpson*, NO. 95–2109, Slip Op. (NMCCA Sept. 30, 1997). The Court of Appeals for the Armed Forces (CAAF) denied petitioner's application for review. Petitioner then initiated the instant action, alleging error in his conviction and sentence.

---

**2.** Petitioner initiated this action on a form pleading as a motion to reduce or correct sentence under Rule 35 of the Federal Rules of Criminal Procedure. In his traverse, petitioner requested that his petition be liberally construed as a petition for habeas corpus relief under 28 U.S.C. § 2241. *See Seaver v. Commandant, U.S. Disciplinary Barracks,* 998 F.Supp. 1215, 1216 (D.Kan.1998).

■ This court's review of court-martial proceedings is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts. *Lips v. Commandant, United States Disciplinary Barracks,* 997 F.2d 808 (10th Cir.1993), *cert. denied,* 510 U.S. 1091, 114 S.Ct. 920, 127 L.Ed.2d 213 (1994). If the issues have been given full and fair consideration in the military courts, the district court should not reach the merits and should deny the petition. *Id.*

■ If an issue is brought before the military court and is disposed of, even summarily, the federal habeas court will find that the issue has been given full and fair consideration. *Watson v. McCotter,* 782 F.2d 143, 145 (10th Cir.), *cert. denied,* 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986). If an issue was not raised before the military courts, the federal habeas court will deem that issue waived and not subject to review. *Id.*

■ Even where the federal court may reach the merits of a petition, its review is limited. In *Dodson v. Zelez,* 917 F.2d 1250 (10th Cir.1990), this limited review was defined by four factors a federal court should consider in evaluating a petition for habeas corpus relief from a military conviction: (1) whether the claimed error is of substantial constitutional dimension; (2) whether a legal, rather than a factual, issue is involved; (3) whether military considerations warrant different treatment of constitutional claims such that federal civil court intervention would be inappropriate; and (4) whether the military courts have given adequate consideration to the claimed error and applied the proper legal standard. *Id.* at 1252–53.

■ In seeking habeas corpus relief, petitioner advances the following four claims.

First, petitioner claims the military judge erred in admitting, as part of the government's proof of aggravation during the sentencing phase of the case, the entire record of petitioner's prior court-martial proceeding as proof of that prior conviction. Petitioner's defense counsel objected to the transcripts of the earlier proceeding being admitted, arguing the results of the conviction alone were sufficient.

The NMCCA considered and rejected this allegation of error, noting first that the claim had been forfeited by defense counsel's untimely objection, and second that there was no merit to petitioner's claim of prejudice where the transcripts were before the military judge less than ten minutes before the sentence was handed down. Petitioner also raised this issue in his petition for review to the CAAF.

Second, petitioner claims the conditions of his pretrial confinement violated Article 13 of the Uniform Code of Military Justice,[3] which thereby entitles him to greater administrative credit for this period of detention.

Petitioner states he was held in maximum custody as a pretrial detainee in the Quantico brig for 181 days, from his arrest on November 10, 1994, until his court-martial conviction on May 10, 1995. At sentencing, he was given 181 days credit for this pretrial detention. Petitioner contends, however, that Quantico staff violated his constitutional rights and subjected him to physical and psychological abuse by staff and other prisoners. He thus argues he was entitled to more than day for day credit for his 181 days of alleged illegal pretrial confinement. *See United States v. Suzuki,* 14 M.J. 491 (C.M.A.1983) (3 days of administrative credit awarded for each day of punitive pretrial confinement).

**3.** Article 13, UCMJ, 10 U.S.C. § 813, reads:
No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances required to insure his presence, but he may be subjected to minor punishment during that period for infractions of discipline.

 

The NMCCA found the record did not support petitioner's claim, and further found petitioner had forfeited this claim by not raising it during sentencing. The CAAF allowed that decision to stand without further review.

■ Third, petitioner advances the related claim that his defense counsel was ineffective in failing to seek greater administrative credit for petitioner's alleged illegal pretrial confinement.

The NMCCA identified the two prong standard to be applied under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and denied relief, finding petitioner could not satisfy the first prong of showing deficient performance by his counsel. CAAF denied further review of this claim.

Finally, petitioner claims the sentence imposed was too severe, where the military was aware of petitioner's history of alcohol dependency and sexual abuse as a child, and failed to provide necessary treatment. Respondents counter that petitioner was facing a possible sentence of 140 years, and that petitioner's participation in and acceptance of the plea agreement is evidence of the reasonableness and fairness of the sentence.

Petitioner raised this claim to both the NMCCA and CAAF and obtained no relief.

■ Considering all four claims against the deferential review afforded under § 2241, the court denies petitioner's application for a writ of habeas corpus because the record clearly establishes the military courts fully and fairly reviewed each of these claims. Moreover, even if this court's review on the merits were authorized, no relief would result. The military courts applied the correct legal standards to petitioner's claim of ineffective assistance of counsel, and petitioner's remaining claims regarding discretionary evidentiary and sentencing issues unique to the military proceedings present no issue on which habeas corpus relief would be appropriate under *Dodson.*

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.