**In re Leon A. WEBB, Debtor.**

**Structured Investments
Co., Inc., Plaintiff,**

**v.**

**Leon A. WEBB, Defendant.**

**Bankruptcy No. 05–20849–BH.
Adversary No. 05–1391–BH.**

United States Bankruptcy Court,
W.D. Oklahoma.

July 3, 2007.

---

Robert A. Brown, Stillwater, OK, Chapter 7 Trustee.

Carole J. Brown, Lawton, OK, for Debtor–Defendant.

Mark A. Craige, Mac D. Finlayson, Tulsa, OK, for Plaintiff.

### MEMORANDUM OF DECISION AND ORDER: (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

RICHARD L. BOHANON, Bankruptcy Judge.

For the reasons stated below, the Court will grant the Defendant's motion for summary judgment and deny the Plaintiff's motion for summary judgment.

### Background

The Plaintiff's complaint seeks an exception to the Debtor's discharge pursuant to 11 U.S.C. § 523(a)(4) and (6). The Plaintiff bases its complaint on a contract with the Debtor–Defendant in which he agreed to direct his monthly military pension payments to the Plaintiff in exchange for a lump sum payment. Pursuant to the agreement, the Defendant would direct his monthly payments to a bank account from which the Plaintiff would withdraw the agreed upon amount.

Eventually, the payments to this account were reduced, and the Plaintiff brought suit against the Defendant in California state court. The Plaintiff obtained a default judgment against the Defendant when he failed to answer in the state court action. Eventually, the Defendant halted the monthly payments made to the bank account. The Defendant filed his Chapter 7 petition, and the Plaintiff brought this complaint.

### Discussion

As a preliminary matter, the Court must address whether the contract upon which the Plaintiff bases its debt is enforceable.

The Defendant argues that the contract is void and unenforceable under Oklahoma state law and federal law.

The Plaintiff contends that the Defendant may not now raise those arguments since they are compulsory counterclaims to its suit in California. Since the Defendant failed to appear in the California action, he is now barred from asserting arguments that were compulsory counterclaims.

The enforceability of the contract is the dispositive issue because "[u]nless Struc-

tured owned an interest in [the debtor's] ... pension right, whether as collateral or through an outright sale, there can be no violation" of § 523(a)(4) or (a)(6). *Structured Investments Co., L.L.C. v. Price (In re Price)*, 313 B.R. 805, 809 (Bankr. E.D.Ark.2004).

■ First, the Court concludes that the Defendant is not barred from challenging the enforceability of the contract on grounds that the Defendant failed to raise it in the California action as it is a compulsory counterclaim under California law. California law, however, provides for an exception under these precise circumstances. *See* Cal. Civ. Proc. § 426.30 (West 2004).

The relevant portions of § 426.30 reads as follows:

(a) Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded.

(b) *This section does not apply if either of the following are established:*

(1) The court in which the action is pending does not have jurisdiction to render a personal judgment against the person who failed to plead the related cause of action.

(2) *The person who failed to plead the related cause of action did not file an answer to the complaint against him.*

*Id.* (emphasis added).

The legislative history indicates that § 426.30 is applicable to the case at bar. It states:

Paragraph (2) of subdivision (b) permits a party to default without waiving any cause of action. If the party does not desire to defend the action and a default judgment is taken, it would be unfair if an additional consequence of such default were that all related causes of action the party had would be waived and extinguished.

Leg. Comm. Comment–Senate 1971 Addition.

Based on the plain language of the statute and the clarity of the legislative history, the Court has no difficulty concluding that the Defendant is not barred by the California default judgment from challenging the enforceability of the contract.

■ Finally, the Court must decide whether the contract is enforceable. If the contract is unenforceable, then there is no debt upon which the Plaintiff may maintain its complaint for an exception to the discharge. *See Mandalay Resort Group v. Miller (In re Miller)*, 292 B.R. 409, 412 (9th Cir. BAP 2003) ("Absent an enforceable prepetition debt, there is no debt to except from discharge.")

■ The answer is found in 37 U.S.C. § 701(c), which states that "[a]n enlisted member of the Army, Navy, Air Force, or Marine Corps may not assign his pay, and if he does so, the assignment is void." 37 U.S.C. § 701(c). Military retirement is considered "pay." *See Barker v. Kansas*, 503 U.S. 594, 605, 112 S.Ct. 1619, 118 L.Ed.2d 243 (1992) (holding that "military retirement benefits are to be considered deferred pay for past services.")

Based upon the plain language of § 701(c), the Court holds that the contract is unenforceable, and this comports with numerous other courts. *See In re Price*, 313 B.R. 805 (holding that sale of debtor's pension was void as prohibited by § 701(c)); *Bowden v. Structured Investments Co., L.L.C. (In re Bowden)*, 315 B.R. 903, 908 (Bankr.W.D.Wash.2004)

("Here the purported trust fails because there is no trust res: the rights to military retired pay and veterans' disability benefits are neither entitlements nor vested rights.") [1]; and *Structured Investments v. Vincent (In re Vincent)*, 2006 WL 4452998 (Bankr.D.Nev.) (noting other cases have found that § 701 renders such contracts void and unenforceable but requesting additional briefing on said issue). The Court finds the above cases persuasive and adopts their reasoning. Thus, the Court must grant the Defendant's motion for summary judgment and deny the Plaintiff's motion for summary judgment.

*Conclusion*

Accordingly, the Court hereby: (1) grants the Defendant's motion for summary judgment; (2) denies the Plaintiff's motion for summary judgment; and (3) dismisses the complaint. A separate judgment will be entered accordingly.

1. The ruling in *In re Bowden* applied to both military retirement pay and disability payments. *Bowden v. Structured Investments Co., L.L.C. (In re Bowden)*, 315 B.R. 903, 908 (Bankr.W.D.Wash.2004).